(10 Misc. Rep. 217.)

## FERGUSON v. EHRET.

(City Court of New York, General Term. November 20, 1894.)

NEGLIGENCE—EVIDENCE.
 Where plaintiff, while driving slowly along on the proper side of the street, was overtaken and run into by defendant's wagon, driven at a gallop, at a place where the street was unobstructed, and wide enough for defendant's wagon to have passed, the question of defendant's negligence should have been submitted to the jury.

Appeal from trial term.

Action by George W. Ferguson, an infant, by Selina J. Ferguson, as guardian ad litem, against George Ehret, for personal injuries. From a judgment of nonsuit, and from an order denying a motion for a new trial, plaintiff appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and McCARTHY, JJ.

Mason & Pagelow, for appellant.
Ashpel P. Fitch, for respondent.

McCARTHY, J.   This is an appeal from a judgment of nonsuit against the appellant on a trial before court and a jury, and from an order denying a motion for a new trial.   The action was brought to recover damages for personal injuries sustained by the appellant in consequence of a collision between a wagon he was driving and a team of the respondent, driven by one of his employés, on Eighth avenue, near Fifty-Seventh street, on the 14th day of March, 1892, whereby appellant was thrown out and seriously hurt.   Plaintiff was driving north on the east side of Eighth avenue, close to the curb, on a walk, with a single horse and wagon laden with milk bottles.   Next to him, going in the same direction, was another single team, driven by the witness Hoefer, also on a walk.   Hoefer's wagon was laden with 20 bags of potatoes, weighing 180 pounds each.   Defendant's wagon was in the rear, going in the same direction, driving at a gallop.   As all of them approached Fifty-Seventh street, defendant's team, in an effort to cross in front of plaintiff's and Hoefer's teams, was violently driven into Hoefer's team, causing Hoefer's team to swing into and against plaintiff's team, driving it against the curb, upsetting it, and throwing plaintiff out, inflicting the injuries for which the action is brought.   The street was unobstructed, and wide enough to allow defendant's team to pass both Hoefer's and plaintiff's team in safety, if carefully and properly driven.   At the close of plaintiff's evidence the complaint, on motion, was dismissed, on the ground—First, that the plaintiff had not shown himself free from negligence; second, that there was no evidence of defendant's negligence.

After a careful consideration of the evidence, I am convinced that the defendant was the first and primary cause of this injury, and, in driving in the manner testified to, was guilty of negligence. The plaintiff, being on the right-hand side, close to the curb, and there being no obstruction on the street, could do no more than he had done, and was free from negligence.   Besides, the defendant had ample room without disturbing or interfering with the plaintiff.   This was clearly a case for the jury to determine, and the court erred in taking it from the jury and dismissing the complaint. Judgment is therefore reversed, and a new trial granted, with costs to the appellant to abide the event.   All concur.